FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 27 PM 3: 19

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| MALCOLM PERRY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 605-146 |
| ) | |
| HUGH SMITH et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se in this Title 42, United States Code, Section 1983 action, timely submitted his partial filing fee payment. The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff, a prisoner at Georgia State Prison in Reidsville, Georgia, alleges that he injured his knee on June 17, 2003, when he slipped and fell on a prison walkway. A prison

doctor examined plaintiff the following day and determined that he might have torn the patella tendon in his knee. The doctor put plaintiff's leg in a cast and issued him crutches, advising him not to put pressure on the knee. The doctor also recommended that plaintiff see an orthopaedic specialist at Augusta State Medical Prison ("ASMP").

While plaintiff was awaiting transfer to ASMP on June 19, 2003, a correctional officer informed him that he could not take his crutches on the transfer bus for security reasons. Plaintiff refused to take the bus and returned to his dormitory. On July 24, 2003, plaintiff finally visited ASMP "with his crutches in tow." Plaintiff also alleges that on July 23, 2003, defendant Kelby, a correctional officer, caused him to miss an appointment to see the prison doctor.

Prison officials transferred plaintiff to Dodge State Prison on August 12, 2003. Plaintiff alleges that his crutches were taken from him and he was forced to sit in an uncomfortable position during his transfer.

The Court previously recommended that plaintiff's complaint be dismissed under the applicable two-year statute of limitations period. Plaintiff objected to the Report and Recommendation by submitting a grievance form, which implicated legal and factual issues concerning the propriety of equitable tolling of the limitations period. The Court, in an abundance of caution, vacated the Report and Recommendation in a separate Order without ruling on the propriety of equitable tolling in this case. The grievance form submitted by plaintiff pertained only to allegations concerning his transportation from Georgia State Prison to Dodge State Prison.

## II. STATUTE OF LIMITATIONS

Plaintiff's claims not contained in the grievance form submitted in his March 20, 2006, objections to the Court's Report and Recommendation are subject to dismissal under the two-year statute of limitations applicable to civil rights cases filed in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under Section 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). A claim filed under Section 1983 accrues when the plaintiff knows or has reason to know that he was injured, and when he is aware or should be aware of who injured him. Rozar, 85 F.3d at 562.

Plaintiff filed the instant complaint on December 19, 2005. According to his complaint, plaintiff was well aware of his injury and the alleged exacerbation of his injury caused by defendants at the time the events detailed in his complaint occurred. Thus, the two-year limitations period accrued at or around the time of the events detailed in plaintiff's complaint. While allegations concerning plaintiff's transfer to Dodge State Prison may be subject to equitable tolling during an administrative review process, his remaining claims are not subject to equitable tolling. Because the complaint was filed more than two years after the those claims accrued, those claims are barred by the statute of limitations.[1]

---

[1] Alternatively, claims not contained in the grievance submitted by plaintiff are subject to dismissal for lack of exhaustion. Title 42, United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

3

## III. DE MINIMIS INJURY

Plaintiff's remaining claim involves discomfort he suffered while being transferred from Georgia State Prison to Dodge State Prison. He alleges that prison officials took away his crutches before boarding the transfer bus, and that he was forced to sit in an uncomfortable position on the bus.[2] Plaintiff's discomfort during his transfer, however, does not rise to the level of a deprivation of constitutional rights subject to redress in a Section 1983 action. Plaintiff has not alleged any objective evidence to suggest that the inter-prison transfer exacerbated the condition of his knee. In his grievance, in fact, he does not mention his discomfort during the bus ride. Instead, he alleges that his crutches were confiscated prior to the trip in retaliation for another grievance.

---

title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(c)(1) further provides that the Court shall dismiss any action brought under Section 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Furthermore, the Eleventh Circuit has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Section 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement. Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Plaintiff has not shown or alleged that claims unrelated to his transfer to Dodge State Prison have been administratively exhausted, and those claims are accordingly subject to dismissal.

[2] Plaintiff does not allege, however, that any particular named defendant was responsible for causing his discomfort during the transfer. Thus, his claim is subject to dismissal for failure to name a proper defendant, in addition to the other grounds for dismissal cited herein.

4

Plaintiff's discomfort during his transfer does not rise to the level of an injury of constitutional magnitude. Furthermore, recovery for emotional anguish is not appropriate under Section 1983. 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff's discomfort during his transfer is a de minimis injury from a constitutional standpoint, and accordingly should be dismissed.[3] See Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury).

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's complaint is subject to dismissal under the applicable statute of limitations and because plaintiff has failed to state a claim on which relief may be granted. The Court accordingly recommends that the complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 27th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's claim also is subject to dismissal for failure to exhaust his administrative remedies. Exhaustion of administrative remedies requires that all avenues of appeal be exhausted. See Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e). While plaintiff alleges that he attempted to appeal the denial of his grievance, the grievance form submitted by plaintiff does not indicate that any such appeal was submitted to prison officials. Doc. 9, Ex. 3A.